NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| EXP GROUP, LLC, | : | **Civil Action No. 23-3180-EP-AME** |
|  | : |  |
| Plaintiff/Appellant, | : |  |
|  | : | **OPINION and ORDER** |
| v. | : |  |
|  | : |  |
| FRES CO., LLC, | : |  |
|  | : |  |
| Defendant/Appellee. | : |  |
|  | : |  |

**ESPINOSA**, Magistrate Judge

This matter is before the Court on the motion by Plaintiff/Appellant EXP Group, LLC ("EXP") for reconsideration of the Court's July 21, 2023 Order, which concluded that discovery would proceed in this action (the "July 2023 Order"). Defendant/Appellee Fres Co., LLC ("Fres Co.") opposes the motion. The Court has considered the written submissions and decides the motion without oral argument. *See* Fed. R. Civ. P. 78(b). For the following reasons, the motion is denied.

I.    **BACKGROUND**

This action, as the Court's July 2023 Order stated, arises under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a, *et seq.* In relevant part, PACA Section 499g(c) authorizes parties to appeal reparation orders issued by the Secretary of the United States Department of Agriculture ("USDA") by filing a civil action in federal court. *See* 7 U.S.C. § 499g(c). On June 9, 2023, EXP filed this suit, under Section 499g(c), to appeal from the USDA's Decision and Order, dated January 11, 2023, which entered a reparation award against

EXP in the amount of $6,205, plus interest (the "USDA Decision").[1] *See* Notice of Appeal [ECF 1]. That award represented the amount of ocean freight charges Fres Co. was billed in connection with the shipment of plantains it purchased from non-party Exchangecorp, S.A. *See id.*, Ex. A at 9-10.[2]

Thereafter, the Court scheduled an initial conference, pursuant to Federal Rule of Civil Procedure 16, for the purpose of entering a pretrial discovery schedule (the "Rule 16 Conference"). On July 19, 2023, the parties filed a joint dispute letter concerning whether a Joint Discovery Plan was required in advance of the Rule 16 conference. In the dispute letter, EXP contended that PACA prohibited any discovery to supplement the record created in the USDA administrative proceeding, whereas Fres Co. maintained that under Section 499g(c), the parties had a right to collect and submit evidence not before the USDA. *See* July 19, 2023 ltr. at 2-3 [ECF 20.] The Court's July 23 Order resolved that dispute. Based on the governing statute's plain text, providing that a suit brought under Section 499g(c) "shall be a trial de novo and shall proceed in all respects like other civil suits for damages," and caselaw applying that provision, the Court concluded that this PACA action, like other civil suits in federal court, encompassed the right to proceed with discovery. Accordingly, the parties were directed to file a Joint Discovery Plan consistent with the Federal Rules of Civil Procedure.

Thereafter, at the Rule 16 conference held on July 31, 2023, the Court addressed various discovery matters, including its July 2023 Order. EXP expressed its continuing objection to

---

[1] Before filing this suit, EXP sought reconsideration of the USDA Decision, and its petition for reconsideration was denied by the USDA on May 11, 2023. *See* Notice of Appeal, Ex. B.

[2] According to the USDA record below, the dispute between Fres Co. and EXP stems from the mistaken loading of the wrong shipping container on EXP's truck at the Red Hook marine terminal, in New York, on August 12, 2021, resulting in EXP's taking possession of a plantain shipment purchased by Fres Co. *See* Notice of Appeal, Ex. A at ¶¶ 3-6. The record further reflects that, although EXP attempted to deliver the container to Fres Co.'s warehouse, Fres Co. refused the shipment. *Id.* ¶ 7. On August 18, 2021, Fres Co. filed a complaint with the USDA to recover damages from EXP for non-delivery of the plantain container. *Id.* ¶ 9.

engage in discovery and took the position that the July 2023 Order had been incorrectly decided, as inconsistent with USDA procedure and contrary to law. In response, the Court granted EXP leave to file this motion for reconsideration, which was timely filed on August 15, 2023.[3]

## II.   LEGAL STANDARD

To prevail on a motion for reconsideration, the moving party must identify dispositive factual matters or controlling decisions of law overlooked by the court in reaching its decision. L. Civ. R. 7.1(i); *Bryan v. Shah*, 351 F.Supp.2d 295, 297 n. 2 (D.N.J. 2005) (citing *Bowers v. Nat'l Collegiate Athletic Assoc.*, 130 F.Supp.2d 610, 612 (D.N.J. 2001). The Third Circuit has held that a court may not grant a motion for reconsideration unless the moving party shows at least one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *See Banda v. Burlington County*, 263 F. App'x 182, 183 (3d Cir. 2008) (citing *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). This heavy burden cannot be met through "recapitulation of the cases and arguments considered by the court before rendering its original decision." *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990) (quoting *Carteret Savings Bank, F.A. v. Shushan*, 721 F. Supp. 705, 709 (D.N.J. 1989)). Nor does a party's mere disagreement with the court's ruling warrant reconsideration. *Boretsky v. New Jersey*, 433 F. App'x 73, 78 (3d Cir. 2011); *Yurecko v. Port Auth. Trans. Hudson Corp.*, 279 F. Supp. 2d 606, 609 (D.N.J. 2003). A motion for reconsideration is "extremely limited" in scope and may not be used "as an opportunity to relitigate the case." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). Courts in this district

---

[3] Although this district's Local Rule governing motions for reconsideration requires such motion to be filed within fourteen days of the Order, *see* L. Civ. R. 7.1(i), the Court enlarged that time by Order entered August 2, 2023 [ECF 27].

consistently view reconsideration as an "extraordinary" remedy, to be granted "sparingly." *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (citing *Interfaith Cmty. Org v. Honeywell Int'l. Inc.*, 215 F. Supp. 2d. 482, 507 (D.N.J. 2002)); *see also Bowers*, 130 F. Supp. 2d at 613; *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996).

## III. DISCUSSION

EXP contends reconsideration of the July 2023 Order is necessary to correct clear errors of law and fact. It asserts the Court's decision to permit discovery in this action is erroneous for two reasons.

First, EXP argues the Court decided the issue of whether discovery was appropriate and permissible without the benefit of the full administrative record underlying this action, which was filed on August 4, 2023. It asserts the Court failed to consider that, in the underlying proceedings, given the nature of the claims and the amount in controversy, the USDA determined the dispute should be governed by a streamlined documentary procedure set forth in 7 C.F.R. § 47.20, a rule applicable to PACA reparation proceedings.[4] EXP contends that the July 2023 Order is not only inconsistent with the procedure utilized below by the USDA, but also at odds with PACA's appellate procedure by expanding the scope of this action. EXP reiterates, as it argued in the July 19, 2023 dispute letter, that Section 499g(c) provides that, in an appeal of a PACA reparation order, "[s]uch petition and pleadings certified by the Secretary upon which

---

[4] EXP suggests the Court's decision permitting discovery was hasty because it was issued based on the parties' July 19, 2023 joint dispute letter, and without a formal motion. EXP claims the letter merely sought guidance on whether a Joint Discovery Plan should be submitted, and, therefore, it "incorrectly assumed the Court would enter a briefing schedule" for such a motion. (Mot. at 4.) That position is puzzling, given the plain instructions of the Court's standing Civil Case Management Order requiring discovery disputes to be raised in a joint dispute letter and prohibiting motions without leave of Court. *See* Order ¶ 10. Moreover, the July 19, 2023 dispute letter placed squarely before the Court the question of whether the parties would be required to engage in discovery and their respective positions.

decision was made by him shall upon filing in the district court constitute the pleadings upon which said trial de novo shall proceed subject to any amendment allowed in that court." 7 U.S.C. § 499g(c).

Second, EXP argues the Court erred in relying on various cases holding that a district court hearing a PACA appeal under Section 499g(c) may accept evidence beyond the material in the record below because the Court failed to recognize that, unlike those cases, this action involves an appeal in which the appellant itself asserts no additional evidence is required to challenge the USDA Decision. Such an overlooked distinction, EXP maintains, is not only critical but in fact dispositive of the question of whether discovery is appropriate in this PACA appeal, where discovery is sought not by the party challenging the USDA's reparation order but by the party that prevailed below. EXP emphasizes that its appeal from the USDA Decision is based on three discrete and purely legal grounds and therefore, does not, in its view, require any further factual development. In other words, EXP maintains the Court's July 2023 Order misapplied the law concerning discovery in civil actions brought under Section 499g(c).

EXP's motion for reconsideration falls short of the high standard required for this relief. Its proffered bases for reconsideration fail to point to a dispositive matter of fact and/or law that was overlooked by the Court in entering the July 2023 Order.

Regarding the administrative record below and specifically the USDA's use of a limited documentary procedure under 7 C.F.R. § 47.20, EXP concedes that neither that rule, nor the Administrative Procedures Act, govern this appeal of the USDA Decision under Section 499g(c). *See* Reply at 2; *see also* 5 U.S.C. § 554(a)(1) (providing that the Administrative Procedures Act does not apply to agency decisions "subject to a subsequent trial of the law and the facts de novo in a court"). EXP cites no authority supporting its view that this Court should apply the USDA

procedure and similarly limit the evidence that may be presented upon this appeal. For this reason, EXP's argument that reconsideration is warranted because the full administrative record was not available to the Court when it issued the July 2023 Order fails. The USDA's rationale for applying the documentary procedure set forth in 7 C.F.R. § 47.20 does not control the procedures applicable to this civil action, including discovery procedures. Reconsideration is appropriate only when the prior decision failed to consider a factual or legal issue "that may alter the disposition of the matter." *Paredes v. Egg Harbor Twp. Bd. of Educ.*, No. 15-2929, 2018 WL 3930087, at *6 (D.N.J. Aug. 16, 2018).

Moreover, insofar as EXP continues to rely on the statutory language limiting the pleadings in an appeal from a reparation order to the "petition and pleadings certified by the Secretary upon which decision was made by him," *see* 7 U.S.C. § 499g(c), the Court has previously considered and rejected this argument as a basis to foreclose discovery in this action. While the pleadings may be circumscribed, proceeding as a trial de novo, like other civil actions, necessarily entails a discovery phase, as previously held by the Court. Repetition of arguments previously considered by the Court does not constitute a meritorious basis for reconsideration. *Blystone*, 664 F.3d at 415.

EXP's argument regarding the Court's purported misunderstanding of caselaw applying Section 499g(c) also amounts to mere disagreement with the Court's July 2023 Order. The cases cited therein were raised and argued by Fres Co. in the July 19, 2023 dispute letter. The Court considered each of the decisions carefully and reasoned that they bolstered its conclusion that discovery must be permitted in Section 499g(c) actions. "A motion for reconsideration is improper when it is used to ask the Court to rethink what it had already thought through – rightly or wrongly." *Summerville v. Gregory*, No. 14-7653, 2019 WL 5617516, at *1 (D.N.J. Oct. 31,

2019) (quoting *Oritani S & L v. Fidelity & Deposit*, 744 F. Supp. 1311, 1314 (D.N.J. 1990)).

Nevertheless, EXP maintains that the Court's reliance on those decisions was misplaced and

clearly erroneous, because there, the appellant advocated for the introduction of evidence not

before the USDA in the proceedings below, whereas here, the appellant is "content to rely upon

that [administrative] record." Reply at 2. However, the cases cited by the July 2023 Order do not

suggest that if a party appealing from a USDA reparation order under Section 499g(c) chooses to

present no additional evidence in support of its appeal, discovery is foreclosed. To the contrary,

because Section 499g(c) provides that actions brought thereunder shall proceed "in all respects

like other civil suits for damages," discovery must include matters "relevant to *any party's* claim

*or* defense …." Fed. R. Civ. P. 26(b) (emphasis added). Applying that principle here, EXP's

decision not to pursue discovery does not necessarily bar Fres Co. from investigating matters

related to its arguments in support of affirming the USDA Decision.

     In that regard, the Court must emphasize that under Federal Rule of Civil Procedure 26,

discovery is broad but not limitless. *Robbins v. Camden City Board of Educ.*, 105 F.R.D. 49, 55

(D.N.J. 1985). The party seeking discovery must demonstrate that the information sought is

relevant to the action's claims and/or defenses. *Caver v. City of Trenton*, 192 F.R.D. 154, 159

(D.N.J. 2000). Moreover, even where relevant, discovery must also be proportional to the needs

of the case, *see* Fed. R. Civ. P. 26(b), and the Court maintains broad discretion to resolve issues

pertaining to the appropriate scope of discovery and limit burdensome, cumulative, or unduly

expensive discovery. *See Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987);

*Schick v. Cintas Corp.*, Civ. No. 17-7441, 2020 WL 1873004, at *3 (D.N.J. Apr. 15, 2020).

     This PACA appeal, as EXP has noted, is limited in scope. EXP challenges the USDA

Decision on the following grounds: the USDA lacked authority to enter a reparation order

awarding transportation costs related to a transaction between Fres Co. and another party; the costs awarded are not cognizable under PACA; and EXP's counterclaim for expenses and fees was improperly dismissed. *See* Notice of Appeal. While discovery will be permitted here, pursuant to Rule 26, its parameters must be set by the issues on appeal and tailored to the needs of this case.

## IV.   CONCLUSION AND ORDER

EXP has failed to carry the high burden required to warrant reconsideration of the July 2023 Order. As held therein, PACA's directive that this suit "shall be a trial de novo and shall proceed in all respects like other civil suits for damages," 7 U.S.C. § 499g(c), supports ordering the parties to the suit to engage in discovery consistent with the Federal Rules of Civil Procedure.

Accordingly, for the foregoing reasons,

**IT IS** on this 3rd day of November 2023,

**ORDERED** that Plaintiff/Appellant EXP's motion for reconsideration of the Order entered July 21, 2023 [ECF 31] is **DENIED**; and it is further

**ORDERED** that the parties shall meet and confer to draft an updated Joint Discovery Plan, which shall be filed with the Court no later than November 15, 2023. The Court will thereafter enter a Pretrial Scheduling Order.

 /s/ *André M. Espinosa*
ANDRÉ M. ESPINOSA
United States Magistrate Judge