NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EXP GROUP, LLC, | Civil Action No. 23-3180 |
| Plaintiff/Appellant, | |
| v. | **OPINION** |
| FRES CO., LLC, | April 29, 2024 |
| Defendant/Appellee. | |

**SEMPER**, District Judge.

The current matter comes before the Court on Appellant EXP Group LLC's ("EXP") Appeal from Magistrate Judge Espinosa's November 3, 2023, Opinion and Order (ECF 34, "November Order") denying EXP's Motion for Reconsideration of the Court's prior ruling that Appellee Fres Co., LLC ("Fres Co.") is entitled to additional discovery in connection with an appeal from an award entered by the United States Department of Agriculture ("USDA"). (ECF 38, "App.") Appellee opposed the appeal. (ECF 39, "Opp.") Appellant filed a brief in reply. (ECF 40, "Reply.") The Court has decided this appeal pursuant to Federal Rule of Civil Procedure 72(a) and Local Civil Rule 72.1(c), and upon the submissions of the parties, without oral argument, pursuant to Federal Rule of Civil Procedure 78; and

**WHEREAS** this matter arises from an appeal of a USDA Decision and Order pursuant to 7 U.S.C. § 499g(c). EXP filed this suit under Section 499g(c) to appeal the USDA reparation award against EXP. (ECF 34, November Order at 1-2.) The award represented the amount of ocean freight charges Fres Co. was billed in connection with a plantain shipment. (*Id.* at 2.) In a dispute letter, EXP argued that the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a,

*et seq.*, prohibited discovery to supplement the record created in the USDA administrative proceeding. (*Id.*) Fres Co. argued that Section 499g(c) gave the parties the right to collect and submit evidence that was not before the USDA. (*Id.*) Judge Espinosa's July 23 Order concluded that this PACA action encompassed the right to proceed with discovery. (ECF 21, "July Order.") EXP filed a motion for reconsideration of the July Order. (ECF 31.) Fres Co. filed an opposition and EXP replied. (ECF 32; ECF 33.) Judge Espinosa's November Order denied EXP's motion for reconsideration and ordered that the parties should proceed to submit an updated Joint Discovery Plan. (ECF 34, November Order at 8); and

**WHEREAS** in a district judge's review of a magistrate judge's decision, Federal Rule of Civil Procedure 72(a) states: "[t]he district judge. . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Similarly, the Local Rules for this district provide that "[a]ny party may appeal from a [m]agistrate [j]udge's determination of a non-dispositive matter within 14 days" and the district court "shall consider the appeal and/or cross-appeal and set aside any portion of the [m]agistrate [j]udge's order found to be clearly erroneous or contrary to law." Local Civ. R. 72.1(c)(1)(A); and

**WHEREAS** "[a] discovery order is generally considered to be non-dispositive." *Williams v. Amer. Cyanamid*, 164 F.R.D. 615, 617 (D.N.J. 1996). A district judge may reverse a magistrate judge's order if the order is shown to be "clearly erroneous or contrary to law" on the record before the magistrate judge. 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter [properly referred to the magistrate judge] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); Fed. R. Civ. P. 72(a); Local Civ. R. 72.1(c)(1)(A); *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 93 (3d Cir. 1992) (describing the district court as having a "clearly erroneous review function," permitted only to review the record that was

before the magistrate judge). The burden of showing a ruling is clearly erroneous or contrary to law rests with the party filing the appeal. *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004); and

**WHEREAS** a district court "will determine that a finding is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Dome Petroleum Ltd. v. Emp'rs Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Waterman*, 755 F.3d 171, 174 (3d Cir. 2014) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985)). The magistrate judge's "ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008); *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998). A district court, however, will review a magistrate judge's legal conclusions *de novo*. *See Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (citations omitted); *see also Haines*, 975 F.2d at 92 (noting that "the phrase 'contrary to law' indicates plenary review as to matters of law"); and

**WHEREAS** a district court may also apply a more deferential standard, the abuse of discretion standard "[w]here the appeal seeks review of a matter within the exclusive authority of the [m]agistrate [j]udge, such as a discovery dispute." *Miller v. P.G. Lewis & Assocs., Inc.*, No. 05-5641, 2006 WL 2770980, at *1 (D.N.J. Sept. 22, 2006) (citations omitted); *see also Callas v. Callas*, No. 14-7486, 2019 WL 449196, at *2 (D.N.J. Feb. 4, 2019) (reviewing and affirming magistrate judge's order on discovery dispute under the abuse of discretion standard); *Kresefsky*

*v. Panasonic Commc'ns and Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996) ("Where, as here, the magistrate has ruled on a non-dispositive matter such as a discovery motion, his or her ruling is entitled to great deference and is reversible only for abuse of discretion."); 12 Charles Alan Wright et al., *Federal Practice and Procedure: Civil* § 3069 (2d ed. 1997) (noting that "many matters such as discovery scheduling or disputes might better be characterized as suitable for an abuse-of-discretion analysis"). An abuse of discretion arises "when the judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court." *Lindy Bros. Builders v. Am. Radiator & Standard Sanitary Corp.*, 540 F.2d 102, 115 (3d Cir. 1976). Further, "[t]he abuse-of-discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions." *Koon v. United States*, 518 U.S 81, 100 (1996); *see also Ebert v. Twp. of Hamilton*, No. 15-7331, 2016 WL 6778217, at *2 (D.N.J. Nov. 15, 2016) ("Abuse of discretion review, of course, may get us to much the same place: as a practical matter it incorporates plenary review of legal questions and clear error review of factual ones."); and

**WHEREAS** EXP argues that the Court did not give sufficient weight to the Appellant's decision to rely on the record below and the Court's decision to reopen discovery is contrary to the procedures set forth in Section 499g(c). (ECF 38, App.); and

**WHEREAS** Fres Co. argues that the Court did not clearly err or act contrary to law in holding that discovery is available in this PACA appeal and EXP's intent to rely on the USDA record does not foreclose discovery. (ECF 39, Opp.); and

**WHEREAS** EXP fails to satisfy the burden of demonstrating that Judge Espinosa's November Order was clearly erroneous or contrary to law. *See Marks*, 347 F. Supp. 2d at 149. To that end, EXP also fails to satisfy the more deferential abuse of discretion standard in the context

of this discovery dispute. *See Callas*, 2019 WL 449196, at *2. EXP cites no case law to demonstrate that its decision to rely to the record below functions to foreclose Fres Co.'s opportunity to engage in discovery at this juncture. (*See generally* ECF 38, App.; ECF 40, Reply.) Nor does EXP provide the Court with any law requiring that Fres Co. provide an "explanation as to the necessity or relevance of this additional discovery." (ECF 38, App. at 1-2.) Finally, EXP fails to demonstrate that Judge Espinosa's November Order was clearly erroneous, contrary to law, or an abuse of discretion in its interpretation and application of Section 499g(c), which by its plain text provides that in an appeal of a PACA reparation order "[s]uch petition and pleadings certified by the Secretary upon which decision was made by him shall upon filing in the district court constitute the pleadings upon which said *trial de novo* shall proceed subject to any amendment allowed in that court." 7 U.S.C. § 499g(c) (emphasis added). Therefore,

**IT IS, on this 29th day of April 2024,**

**ORDERED** that Appellant's Appeal (ECF 38) is **DENIED** and the Honorable André M. Espinosa, U.S.M.J.'s November Order (ECF 34) is **AFFIRMED**. An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:   Clerk
cc:     André M. Espinosa, U.S.M.J.
        Parties