NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| EXP GROUP LLC, | Civil Action No. 23-3180 |
| *Respondent-Appellant*, |  |
| v. | **OPINION** |
| FRES CO LLC, | March 3, 2026 |
| *Complainant-Appellee*. |  |

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court on Complainant-Appellee Fres Co LLC ("Fres Co" or "Appellee") motion for summary judgment.  (ECF 60, "Mot.")  Respondent-Appellant EXP Group LLC ("EXP" or "Appellant") filed an opposition to the motion (ECF 68, "Opp.") and Fres Co filed a reply.  (ECF 71, "Reply".)  The Court reviewed the submissions made in support of and in opposition to the motion and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.  For the reasons stated below, Appellee's motion for summary judgment is **GRANTED**.

I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

The instant action is an appeal from a decision and order entered by a Judicial Officer of the Secretary of the United States Department of Agriculture (the "Secretary") directing EXP to

---

[1] The facts and procedural history are drawn from Appellee's brief in support of the motion for summary judgment (ECF 60), Appellee's statement of undisputed material facts (ECF 60-3, "Fres SMF"), Appellant's opposition papers (ECF 68) and response to and counter-statement of material facts (ECF 68-1), and the administrative record filed by the United States Department of Agriculture (ECF 30, "Admin. Record").

reimburse Fres Co for a small sum pursuant to the Perishable Agriculture Commodities Act, 7 U.S.C. § 499a, *et seq.* ("PACA") for the shipping costs of a misdelivered container of plantains. (*See* ECF 30 at 68-78, "USDA Op.") On July 30, 2021, Fres Co agreed to purchase 1,080 cartons of plantains from a grower, Exchangecorp, S.A. ("Exchangecorp"), based in Ecuador. (Fres SMF ¶ 3.) Fres Co incurred ocean freight charges of $6,205.00 to transport the plantains from Ecuador to the port of Red Hook in Brooklyn, New York. (*Id.* ¶ 4.)

On August 12, 2021, upon arrival at the port of Red Hook, the plantains were misdelivered to EXP's warehouse rather than to Fres Co. (*Id.* ¶ 5; USDA Op. ¶¶ 5-6.) EXP's truck driver had not been given the opportunity to inspect the container or its contents before the truck left the Red Hook marine terminal. (USDA Op. ¶ 5.) During the process of unloading, EXP discovered the shipping container and presumed the Red Hook terminal had loaded the wrong container onto its truck. (*Id.* ¶ 6.) That evening, EXP transported the container of plantains to Fres Co's warehouse. (*Id.* ¶ 7.) Fres Co immediately requested that the local USDA office inspect the shipment, but that inspection did not occur. (*Id.*) Without the USDA inspection, Fres Co refused the shipment. (*Id.*) EXP brought the plantains back to its own warehouse. (*Id.*)

The next day, Exchangecorp informed EXP that it was in their "best interest" to sell the plantains to EXP to avoid a loss. (*Id.* ¶ 8.) EXP and Exchangecorp entered into a contract for the sale of the shipment of plantains. (*Id.*) EXP then sold the plantains to various buyers on August 13, 2021, and paid Exchangecorp $14,310.00 for the shipment. (*Id.*; Fres SMF ¶ 6.)

On August 18, 2021, Fres Co commenced an administrative proceeding against EXP before the United States Department of Agriculture (the "USDA") pursuant to pursuant to 7 U.S.C. § 499f, and the interpreting regulations, 7 C.F.R. § 47.1, *et seq.* (Fres SMF ¶ 8.) Fres Co sought compensation in the amount of $22,135.00, which represented the difference between the

2

$30,240.00 market value of the plantains and the $14,310.00 that EXP paid Exchangecorp, plus $6,205.000 for freight and handling.  (USDA Op. at 4.)

On January 11, 2023, the Secretary found partly in Fres Co's favor and directed EXP to pay Fres Co the cost of ocean freight in the amount of $6,205.00, with interest at the rate of 4.73 percent per annum from September 1, 2021, until paid, plus $500.00, which represents the filing fee paid by Fres Co.  (Fres SMF ¶ 10.)  The Secretary wrote that:

> [EXP] received the plantains free of freight charges, and [EXP] sold the plantains at market prices, which presumably include the cost of freight from origin to destination…. As [EXP] should, under the circumstances, pay the freight charges associated with bringing the container from Ecuador to New York, we conclude that [EXP] is liable to [Fres Co] in the amount of $6,205.00 for ocean freight expenses that were, in effect, paid by [Fres Co] on [EXP's] behalf.

 (*Id.* ¶ 11) (quoting USDA Op. at 9.)  The Secretary determined that Fres Co "bore the risk of any damage and delay in transit not caused by Exchangecorp, S.A." (USDA Op. at 5.)  The Secretary acknowledged that the parties disputed what happened after the Red Hook terminal personnel loaded the container onto EXP's truck in error (Fres Co alleged that EXP did not store the plantains under the proper conditions at its warehouse and that when they were eventually delivered to Fres Co, it "could immediately tell that the goods were in poor condition" while EXP claimed that Fres Co refused to sign for and accept the container).  (*Id.* at 5-6.)  Regardless, the Secretary found that EXP was not liable for the resale of the plantains because "the party in possession of a perishable commodity under such circumstances has a positive duty to effect a prompt resale of that commodity in order to mitigate damages."  (*Id.* at 6) (quoting *Dew-Gro, Inc. v. First Nat'l Supermarkets, Inc.*, 42 Agric. Dec. 2020, 2025-26 (1983).)  The Secretary thus rejected Fres Co's attempt to recover its lost profit, while finding that EXP was liable to Fres Co for the ocean freight charges "associated with bringing the container from Ecuador to New York" that were "in effect,

3

paid by [Fres Co] on [EXP]'s behalf." (*Id.* at 9.)  The USDA affirmed the decision on May 11, 2023.  (Fres SMF ¶ 12.)

EXP filed the instant appeal on June 9, 2023.  (*See* ECF 1, "Compl.")  The appeal is governed by 7 U.S.C. § 499g(c), which authorizes parties "adversely affected" by a reparation order to appeal to a federal district court, and provides that the proceedings "shall be a trial de novo and shall proceed in all respects like other civil suits for damages, except that the findings of fact and order or orders of the Secretary shall be prima-facie evidence of the facts therein stated." 7 U.S.C. § 499g(c).  The Court therefore adopts the findings of fact contained in the Secretary's September 1, 2021 decision and order herein.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted if the movant shows that "there is no genuine issue as to any material fact [and] the moving party is entitled to a judgment as a matter of law." *Kreschollek v. S. Stevedoring Co.*, 223 F.3d 202, 204 (3d Cir. 2000); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party. *See Boyle v. Cnty. of Allegheny Pa.*, 139 F.3d 386, 393 (3d Cir. 1998) (citing *Peters v. Del. River Port Auth. of Pa. & N.J.*, 16 F.3d 1346, 1349 (3d Cir. 1994)). The moving party bears the burden of establishing that no genuine issue of material fact remains. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

4

Once the moving party has met that threshold burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A fact is only "material" for purposes of a summary judgment motion if a dispute over that fact "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Unsupported allegations, subjective beliefs, or argument alone, however, cannot forestall summary judgment. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1988) (nonmoving party may not successfully oppose summary judgment motion by simply replacing "conclusory allegations of the complaint or answer with conclusory allegations of an affidavit."). Thus, if the nonmoving party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992) (quoting *Celotex*, 477 U.S. at 322-23). Moreover, the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247-48.

On a PACA appeal, "the Secretary's findings [are] conclusive unless effectively rebutted." *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1033 (1988); *see also Genecco Produce, Inc. v. Sandia Depot, Inc.*, 386 F. Supp. 2d 165, 170 (W.D.N.Y. 2005). Therefore, Fres Co, as the prevailing party before the Secretary, meets its initial burden as movant "by showing that there is an absence of evidence to rebut the prima facie case presented by the Secretary's order." *Frito-*

5

*Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1032 (D.C. Cir. 1988) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) (granting summary judgment to movant who demonstrated absence of evidence to rebut Secretary's finding of violation of 7 U.S.C. § 499b)).  Unless EXP as the non-moving party "identifies evidence which, if credited by the trier of fact, would rebut the prima facie case established through the USDA's decision," Fres Co is entitled to summary judgment as "a determination as a matter of law that [EXP]'s challenge to the USDA's decision cannot succeed."  *Joe Randazzo's Fruit & Vegetable, Inc. v. W-W Produce, Inc.*, 04-75045, 2007 WL 925795, at *4 (E.D. Mich. Mar. 26, 2007).  With these standards in mind, the Court turns to the present motion.

### III.   ANALYSIS

Fres Co argues that the USDA properly awarded the recovery of shipping expenses for EXP's failure to pay them in violation of Section 2 of the PACA (7 U.S.C. § 499b), and that summary judgment should be granted in Fres Co's favor because there are no material facts in dispute.  (Mot. at 2.)  EXP asserts three bases for overturning the Secretary's decision: (1) the Secretary lacked jurisdiction to award Fres Co shipping costs, (2) the Secretary erred as a matter of law when awarding reparations under PACA for shipping costs incurred through a transaction with a third party, and (3) the Secretary improperly dismissed EXP's counterclaim for transportation expenses and attorneys' fees.  (Opp. at 9-21.)  The Court will address each of these points in turn.

#### A.  Secretary's Jurisdiction under PACA

EXP argues that the Secretary improperly awarded transportation expenses here because "the underlying PACA claims asserted by Fres Co were brought fraudulently and were subsequently dismissed by the Secretary."  (Opp. at 9.)  Thus, EXP contends that the Secretary

6

lacked jurisdiction because the only legitimate claim Fres Co presented was a transportation claim, "which is outside the purveyance and jurisdiction of PACA."[2] (*Id.* at 10.)

First, though EXP alleges that Fres Co's underlying PACA claims "were brought under false pretenses" (*id.* at 11), EXP does not identify a single statement by Fres Co which it contends is a 'false pretense.' EXP also makes this argument for the first time in the instant appeal. Tellingly, EXP did not complain that Fres Co brought a fraudulent claim during the underlying administrative proceeding. Therefore, the Court cannot find that Fres Co's complaint contained "false accusations" based on the record before it. (*Id.*) Additionally, it must reject this contention because EXP has not provided the Court with any evidence to support its newfound allegation.

Moreover, the Secretary's rejection of Fres Co's lost profits claim does not make it illegitimate or fraudulent. The Secretary's partial dismissal of Fres Co's complaint was grounded in the Secretary's legal interpretation of the UCC. (*See* USDA Op. at 7) ("Looking at the situation another way, [Fres Co]'s refusal to accept [EXP]'s attempted redelivery of the plantains would fall under section 2-401(4) of the Uniform Commercial Code, which states, '[a] rejection or other refusal by the buyer to receive or retain the goods, whether or not justified, or a justified revocation of acceptance revests title of the goods in the seller.' U.C.C. § 2-401(4).")

Lastly, the Secretary explained in plain language why it retained jurisdiction to award shipping costs to Fres Co despite dismissing Fres Co's claim for lost profits. "As these charges were incurred in connection with the original sale of the plantains by Exchangecorp, S.A. to [Fres Co], and the ultimate resale of the plantains by Exchangecorp, S.A. to [EXP], we conclude that the Secretary has jurisdiction to issue an award for recovery of these charges." (USDA Op. at 9.)

---

[2] Fres Co does not dispute that the Secretary does not have jurisdiction to hear transportation claims on their own under PACA, but argues instead that the Secretary is not divested of jurisdiction where transportation costs are awarded as part of an underlying transaction. (Mot. at 9.)

The Court is therefore unpersuaded by EXP's argument that the Secretary lacked jurisdiction to award transportation expenses. The Secretary's decision demonstrates otherwise.

### B. Legal Error Under Section 499b

Next, EXP argues that "the Secretary erred as a matter of law in determining that Fres Co was entitled to a reparations award related to Fres Co's transaction with a third party." (Opp. at 17.) EXP contends that it cannot be liable under 7 U.S.C. Section 499b where there is no contractual relationship between the complainant (Fres Co) and the respondent (EXP). (*Id.* at 19.) Fres Co counters that EXP's argument that it cannot be liable for violating Section 499b "because EXP was not the seller and Fres Co was not the buyer" is legally incorrect. (Mot. at 6.)

Section 499b makes it unlawful for any produce dealer to "fail or refuse truly and correctly to account and make full payment promptly in respect of any transaction in any such commodity **to the person with whom such transaction is had**[.]" 7 U.S.C. § 499b(4) (emphasis added). Nothing in this section requires privity of contract or even a direct relationship between the parties to the dispute. EXP cites cases from outside this Circuit to support its argument. (*See* Opp. at 19.) But none of these cases, which are non-binding on this Court, actually hold that privity of contract or a direct relationship is required under 499b.[3] The Secretary's decision to award shipping costs was based on the indisputable fact that "these charges were incurred in connection with the original sale of the plantains by Exchangecorp, S.A. to [Fres Co], and the ultimate resale of the plantains by Exchangecorp, S.A." to EXP. (USDA Op. at 9.) EXP was a party not to the original contract

---

[3] For example, in *Mrs. Condies Salad Co. v. Colo. Blue Ribbon Foods, LLC,* the court acknowledged that "Defendant Blue Ribbon had a contractual relationship with Plaintiff" but did not construe Section 499b as conditioning relief on the existence of a contract. 858 F. Supp 2d 1212, 1219 (D. Colo. 2012); *see also Alpine Fresh, Inc v. Taisan Corp.*, No. 05-1560, 2008 WL 11404527, at *2 (N.D. Ga. May 13, 2008) (same). The remaining cases cited by EXP are inapplicable to the instant 499b analysis.

8

between Fres Co and the shipper, but to the sale of the plantains from the shipper,[4] and therefore qualifies as a "person with whom such transaction is had[.]"  7 U.S.C. § 499b(4).

Therefore, the Court is not persuaded that the Secretary erred when it determined that EXP failed to pay Fres Co in violation of Section 499b.  (*See* USDA Op. at 10.)

### C.  EXP's Counterclaim

Finally, EXP argues that the Secretary incorrectly dismissed its counterclaim against Fres Co.  (Opp. at 20-21.)  In support of its argument, EXP claims that the Secretary overlooked admissible evidence, specifically a sworn affidavit by Emil Serafino included in its answering statement.  (*Id.*)

The Secretary found that EXP "failed to substantiate the allegations of the Counterclaim" seeking to recover transportation charges and attorney fees from Fres Co and thus dismissed EXP's counterclaim.  (USDA Op. at 10.)  The Secretary reasoned that EXP "failed to submit any evidence to support its claim."  (*Id.*)  The Secretary noted that, in addition to the lack of evidence submitted to support this claim, EXP cited "slightly different amount[s]" related to the transportation costs between its answer (over $1,000) and answering statement ($305).  (*Id.* at 9.)   On appeal, EXP relies on a sworn affidavit from Mr. Serafino detailing additional transportation expenses in the amount of $305 "that included delivery rate for the driver ($180.00), tolls ($95.00) and entrance to the Hunt's Point Market ($30.00) when it delivered the container of plantains" to Fres Co, as well as $10,500 in attorneys' fees and expenses incurred in responding to and opposing "Fres Co's false and fraudulent claims[.]"  (Opp. at 20) (citing Admin. Record at 133.)

---

[4] The Secretary's findings of facts, which this Court must accept as prima facie evidence, include that EXP and Exchangecorp entered into a contract for the sale of the shipment of plantains. (USDA Op. ¶ 8.)  EXP does not dispute this fact.

In reply, Fres Co points out that while Mr. Serafino's affidavit "recites a laundry list of alleged damages, he offers no documentary proof to substantiate them[.]" (Reply at 9.)  In addition to the lack of documentary evidence, Mr. Serafino "is a convicted felon who was sentenced to eighteen months in Federal prison for tax evasion related to his former produce business."  (*Id.*) (citing *USA v. Serafino, et al.,* 96-cr-018 (JFK) (S.D.N.Y.).)   The Court finds that the Secretary did not err in dismissing EXP's counterclaim, because it offered no evidence to support its claim. The Court also finds that in this appeal, EXP has similarly failed to produce evidence to support such a claim for transportation costs and attorneys' fees and expenses.

## IV.     ATTORNEYS' FEES AND EXPENSES

The statute governing appeals from the Secretary's reparation orders, 7 U.S.C. § 499g, provides that appellees "shall not be liable for costs in said court and if appellee prevails he shall be allowed a reasonable attorney's fee to be taxed and collected as a part of his costs." 7 U.S.C. § 499g(c).  Fres Co argues that the award of attorneys' fees is especially important here where "the appellee must defend a small reparations award." (Mot. at 7.)  "After all, if 'the costs of defending its favorable decision by the Secretary were not reimbursed to a prevailing appellee, then the losing party could destroy the value of the Secretary's award, by merely noticing an appeal' and forcing the appellee to spend more defending the case then it stands to recover." (*Id.*) (citing *Koam Produce, Inc. v. DiMare Homestead, Inc.*, 222 F. Supp. 2d 399, 401 (S.D.N.Y. 2002).)

The Court therefore grants Fres Co's request for leave to submit an application for attorneys' fees. (*See* Mot. at 7) ("Fres Co requests leave to submit an application for attorneys'

10

fees after the determination of this motion to ensure that all fees incurred, including those charged in preparing any reply and argument related to this motion, are included in the fee application.")

## V.   CONCLUSION

For the reasons stated above, Appellee's motion for summary judgment (ECF 60) is **GRANTED**. Appellant's Complaint (ECF 1) is **DISMISSED** with prejudice. Appellee may submit an application for attorneys' fees and expenses within thirty (30) days. An appropriate order follows.

/s/ Jamel K. Semper
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:   Clerk
cc:     Andre M. Espinosa, U.S.M.J.
        Parties

11